Filed 9/22/22  P. v. Milligan CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>RONALD MILLIGAN,<br><br>     Defendant and Appellant. | 2d Crim. No. B313515<br>(Super. Ct. No. 1176446)<br>(Santa Barbara County) |

In an unpublished opinion filed on May 29, 2008, we affirmed Ronald Milligan's judgment of conviction.  (*People v. Milligan*, B192400 (*Milligan*).)  He appeals from an order denying a recommendation by the Secretary of the California Department of Corrections and Rehabilitation (CDCR) to recall his 2006 sentence and resentence him pursuant to Penal Code section 1170, former subdivision (d)(1).[1]  The People concede that we "should conditionally reverse the [order] and remand for

---

[1] All statutory references are to the Penal Code.

resentencing under the amended statute." We accept the concession and reverse.

*Appellant's Sentence*

A jury convicted appellant of second degree robbery (count 1 – § 211) and evading arrest with willful disregard for the safety of persons or property (count 2 – Veh. Code, § 2800.2, subd. (a)). "The trial court found that appellant had six prior 'strike' convictions or juvenile adjudications [and six prior serious felony convictions] (§§ 667, subd. (a)(1), (e)(2)(A); 1170.12, subd. (c)(2)(A), 1192.7, subd. (c)) and one qualifying prior prison term. (§ 667.5, subd. (b).)" (*Milligan, supra*, slip opn. at p. 1.)

Appellant's sentence was as follows: "[O]n count 1 [robbery], an indeterminate term of life with a minimum indeterminate term of 36 years, plus a determinate term of 31 years, composed of six, five-year [serious felony] enhancement terms under section 667, subdivision (a)(1) and one, one-year enhancement term under section 667.5, subdivision (b) for a total term of 67 years to life. On count 2 [evading arrest], a consecutive indeterminate term of life with a minimum indeterminate term of 25 years, plus a determinate term of one year under section 667.5, subdivision (b) for a total term of 26 years to life." (*Milligan, supra*, slip opinion at p. 5.)

*CDCR Secretary's Recommendation*

The CDCR Secretary's recommendation concerns the trial court's imposition of the six, five-year serious felony enhancements, totaling 30 years, as to count 1 (robbery) pursuant to section 667, subdivision (a)(1). The Secretary stated: "Courts were previously barred from striking prior serious felony convictions for purposes of enhancement under this section. However, effective September 30, 2018, courts are now

2

authorized to exercise their discretion to strike prior serious felony convictions for purposes of enhancement under this section, or to strike the punishment for the enhancement under this section, pursuant to section 1385. [¶] In light of the court's newfound authority to not impose a consecutive enhancement pursuant to section 667, subdivision (a)(1) . . . I recommend that [appellant's] sentence be recalled and that he be resentenced in accordance with section 1170, [former] subdivision (d)."

At the time the Secretary made his recommendation, section 1170, former subdivision (d)(1) provided that, after a defendant has been sentenced to prison, "the court may . . . at any time upon the recommendation of the secretary [of CDCR] . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." "The CDCR recommendation furnishes the court with jurisdiction it would not otherwise have to recall and resentence and is 'an invitation to the court to exercise its equitable jurisdiction.'" (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040 (*McMurray*).)

*Trial Court's Refusal to Recall the Sentence*

The judge who denied the Secretary's recommendation to recall appellant's sentence was the same judge who had sentenced him in 2006. The judge said, "The Court's very familiar with this case. It has very particular facts." The court ruled, "Based upon the record before it and the Court's familiarity with this file," "to recall the sentence would be futile, because the Court would be unwilling to change the analysis in any way from what was conducted back in 2006 and [the] totality

3

[of the] circumstances in this case with respect to the [adverse] determination on the *Romero* motion and three strikes issues . . . ." The court was referring to its denial of appellant's request that the court dismiss the prior strikes in accordance with *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

*Amendment of Section 1170, Former Subdivision (d)(1)*
*and Addition of New Section 1172.1*

"Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, §§ 1-7) (Assembly Bill 1540) came into effect on January 1, 2022, and moved the recall and resentencing provisions of former section 1170(d)(1) to new section 1170.03." (*McMurray*, *supra*, 76 Cal.App.5th at p. 1038.) Effective June 30, 2022, section 1170.03 was renumbered as section 1172.1 with no change in text. (Stats. 2022, ch. 58, § 10.)

"Assembly Bill 1540 . . . clarifies the required procedures including that, when recalling and resentencing, the court 'shall . . . apply any changes in law that reduce sentences or provide for judicial discretion.' (§ 117[2.1], subd. (a)(2).) Where, as here, the CDCR recommends recall and resentencing, . . . there is now a presumption in favor of recall and resentencing of the defendant, 'which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety [as defined in subdivision (c) of section 1170.18].' (§ 117[2.1], subd. (b)(2).)" (*McMurray*, *supra*, 76 Cal.App.5th at p. 1040.)

Section 1172.1, subdivision (a)(4) provides in part: "In recalling and resentencing pursuant to this provision, the court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have

4

reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice."

*Appellant's Age and Health*

Appellant claims he "is over 70 years old" and "suffers from 21 different diagnosed health conditions . . . . He takes 18 different medications" and "uses a wheelchair and a walker."

*People's Concession*

Appellant maintains that pursuant to *People v. Estrada* (1965) 63 Cal.2d 740, section 1172.1 applies retroactively to his case. The People contend that *Estrada* is inapplicable: "In . . . *Estrada* . . . the California Supreme Court held that, . . . when the Legislature amends a penal statute so as to lessen the punishment for a crime, courts should presume that it intends the new law to apply to all judgments that are not yet final on the statute's operative date. [Citations.] Section 117[2.1], however, is itself a procedural mechanism to permit resentencing on a *final* judgment. [Citation.] As the *Estrada* presumption concerns only *nonfinal* judgments, it does not logically govern in the context of a procedural statute that applies to final judgments."

The People continue: "[C]onsiderations of judicial efficiency counsel in favor of simply applying the new statutory terms regardless of the merits of appellant's present claims. Any reconsideration of the recall request would necessarily be subject to the new procedures specified in AB 1540. That would be the case, for example, if this Court were to determine there was error requiring remand, or, irrespective of any error, if the CDCR simply reinitiated its recall request. Because under either scenario it is likely that the CDCR's recall request will eventually

5

be considered under the terms of the new statute, there is little point in litigating the claims of error raised in this appeal."

*Conclusion*

"Under the circumstances, the appropriate remedy is to reverse and remand the matter, so that the trial court can consider the CDCR's recommendation to recall and resentence defendant under the new and clarified procedure and guidelines of section 117[2.1]." (*McMurray, supra*, 76 Cal.App.5th at p. 1041.) We express no opinion whether appellant's sentence should be recalled or, if it is recalled, whether he should be resentenced.

*Disposition*

The order denying the CDCR Secretary's recommendation to recall appellant's 2006 sentence and to resentence him is reversed. The matter is remanded to the trial court for reconsideration of the recommendation in light of new section 1172.1.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.

We concur:

PERREN, J.[*]


BALTODANO, J.

---

[*] Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6

Timothy J. Staffell, Judge

Superior Court County of Santa Barbara

_____

Richard B. Lennon, Executive Director, Suzan E. Hier, Anna Rea, Staff Attorneys, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael R. Johnsen, Supervising Deputy Attorney General, Theresa A. Patterson, Deputy Attorney General, for Plaintiff and Respondent.